UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Karen Marie Kline,                  No. 11-97-13074 MS

        Debtor.

Karen Marie Kline,

        Plaintiff,

v.                                                      Adv. No. 09-1093 J

Internal Revenue Service,

        Defendant.

## MEMORANDUM OPINION

       This matter is before the Court on the Motion to Dismiss filed by the Internal Revenue Service on February 12, 2010 (Docket No. 10). Plaintiff, Karen Marie Kline, filed her Objection to Defendant's Motion to Dismiss (Docket No. 16) and Plaintiff's Correction to Objection to Defendant's Motion to Dismiss (Docket No. 17) on February 26, 2010 and March 3, 2010, respectively. The Court held a final hearing on the Motion to Dismiss on April 8, 2010 and took the matter under advisement. The Internal Revenue Service ("IRS") appeared through counsel, Manuel Lucero, Assistant U.S. Attorney and Ms. Kline appeared, *pro se*. At the conclusion of the final hearing, the Court further allowed Ms. Kline twenty-one (21) days from April 8, 2010 to file additional documents before issuing a ruling. On April 28, 2010, Ms. Kline filed her Motion and Memorandum in Support For Leave to Amend Adversary Proceeding Complaint. The Court having reviewed the pleadings, the record in the underlying bankruptcy proceeding, taking testimony and hearing arguments of counsel and considering the applicable statutes and case law finds: (1) that sufficient cause does not exist to reconsider the allowed IRS claim pursuant to Section 502 (j); and (2) that the adversary proceeding should be dismissed.

## PROCEDURAL HISTORY

A.   Proceedings in the Chapter 11 Case

Karen Marie Kline commenced a chapter 11 case on May 27, 1999 by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, assigned Case No. 11-97-13074 (the "Chapter 11 Case")(Docket No.1 in the Chapter 11 Case).[1]  The IRS timely filed a proof of claim in the Chapter 11 Case in the amount of $66,540.98, for estimated tax liabilities incurred by Ms. Kline for tax years 1987, and 1993 through 1996 based on Substitute for Returns because Ms. Kline allegedly did not file tax returns for the tax years in question (Claim No. 8 filed in the Chapter 11 Case).  Ms. Kline filed objections to the IRS's proof of claim on September 18, 1998 and October 20, 1998 (Docket Nos. 146 and 154 in the Chapter 11 Case).

The Bankruptcy Court held a hearing on the merits of Ms. Kline's objections to the IRS's claim on March 3, 1999 (Docket No. 201 in the Chapter 11 Case).  On March 24, 1999 the Court entered its Order Denying Debtor's Objection to Claim of Internal Revenue Service Without Prejudice ("Order Denying Objection") (Docket No. 205 in the Chapter 11 Case) in which the Court allowed the IRS claim in the amount of $66,540.98, consisting of an unsecured priority claim of $52,300.98 and an unsecured non-priority claim of $14,240.00.  Further, in the Order Denying Objection the Court found that Ms. Kline did not file tax returns for the years in question, and denied Ms. Kline's objection to the IRS claim without prejudice to her filing the unfiled tax returns for the years in question and filing a further objection to the IRS's claim after

---

[1] The Court takes judicial notice of the contents of the court file in Ms. Kline's Chapter 11 case. See *In re SAI Holdings Ltd.*, Slip Copy, 2009 WL 1616663, *1 (Bankr.N.D.Ohio, 2009); *St. Louis Baptist Temple Inc. v FDIC*, 605 F.2d 1169, 1172(10th Cir.1979)("[A] court may take judicial notice whether requested or not of its own records and files, and facts which are part of its public records.")

filing such tax returns (Docket No. 205 in Chapter 11 Case). The tax years in question are 1987 and 1993 through 1996.[2]

Ms. Kline filed a motion to reconsider and to alter or amend the Order Denying Objection (Docket No. 207 in the Chapter 11 Case) and an accompanying Memorandum of Law (Docket No. 284 in the Chapter 11 Case). The Court denied the motion by an order entered on January 31, 2000 (Docket No. 270 in the Chapter 11 Case). On February 10, 2000, Ms. Kline filed a notice of appeal to the District Court (Docket No. 272 in the Chapter 11 Case). On February 15, 2001 the District Court entered the following: (1) Magistrate Judge's Proposed Findings and Recommended Disposition (Docket No. 416 in the Chapter 11 case); (2) Order Adopting Magistrate Judge's Proposed Findings (Docket No. 417 in the Chapter 11 Case); and (3) a Judgment affirming the Bankruptcy Court (Docket No.418 in the Chapter 11 Case). The District Court determined that the Bankruptcy Court "correctly held that, on the evidence presented, [the IRS's] proof of claim was valid until such time as [Ms. Kline] filed tax returns."[3]

Ms. Kline then filed a notice of appeal to the Tenth Circuit Court of Appeals (Docket No. 426 in the Chapter 11 Case). On February 8, 2002, the Tenth Circuit entered its Order and Judgment affirming the District Court (Docket No.439 in the Chapter 11 Case). The Tenth Circuit "agree[d] with the district court that the bankruptcy court's legal determination and factual findings were not in error for substantially those reasons set forth in the magistrate judge's proposed findings and recommendations."[4]

B. Proceedings in this Adversary Proceeding

On July 6, 2009, Karen Marie Kline commenced this adversary proceeding by filing a Complaint entitled "Adversary Proceeding pursuant to Section 502 to Reconsider Allowed IRS

---

[2] See Docket 417 in the Chapter 11 Case.
[3] See Magistrate Judges Findings and Recommendations (Doc.416 in the Chapter 11 Case)
[4] See Docket No. 439 in the Chapter 11 Case.

3

Claim For Cause" ("Complaint") (Docket No.1), Adv. No. 09-1093J. In the Complaint, Ms. Kline seeks reconsideration pursuant to 11 U.S.C. §502(j) of the Court's allowance of the IRS claim by its Order Denying Objection. *Id.* The IRS filed its Answer on August 11, 2009 (Docket No.5). The Order Resulting from Scheduling Conference was entered on September 29, 2009 (Docket No. 6). Discovery closed on January 22, 2010. On February 12, the IRS filed its Motion to Dismiss ("Motion") (Docket No.10). On February 26, 2010, Ms. Kline timely filed her Objection to Defendant's Motion to Dismiss ("Objection") (Docket No. 16). Pre-trial orders were submitted to the Court on or before February 24, 2010. The Court held a Final Hearing on the IRS's Motion to Dismiss on April 8, 2010 and took the matter under advisement. The Court allowed Ms. Kline 21 days to submit additional exhibits in support of her Objection to Defendant's Motion to Dismiss, which she did. On April 28, 2010 Ms. Kline filed her Motion to Amend (Docket No. 21). On May 14, 2010, the IRS filed an Objection to the Motion to Amend. (Docket No. 23) On May 28, 2010, this Court entered an Order Denying Ms. Kline's Motion to Amend (Docket No. 24). As of April 8, 2010, Ms. Kline has not filed any tax returns for tax years 1987, and 1993 through 1996.[5]

## DISCUSSION

Before the Court is the IRS' Motion to Dismiss ("Motion to Dismiss") the adversary proceeding. The IRS asserts that the matter has been fully litigated, and that Ms. Kline is bound by the factual findings of the Court in its Order Denying Objection, which order was affirmed by the District Court and Tenth Circuit Court of Appeals. The IRS further asserts that it presented sufficient evidence to support the Court's allowance of the claim, and that sufficient cause does not exist to grant the relief Ms. Kline requests pursuant to Section 502(j). In support of its

---

[5] Mr. Lucero represented to this Court that the IRS would accept Ms. Kline's tax returns even at this late date to determine her actual tax liability for the tax years in question

4

Motion to Dismiss, the IRS asserts "that this Court does not have jurisdiction to hear this matter again as it has already ruled on the matter and the decision has the effect of collateral estoppel and would preclude the debtor from raising the same issues again in a closed case." Finally the IRS asserts that the Debtor should pursue her administrative remedies through the IRS. Ms. Kline asserts that her circumstances have changed and that this Court should reconsider the IRS claim and asks the Court to deny the Motion. Ms. Kline further asserts that the IRS has lost previously submitted tax returns, and caused her to lose her livelihood.

### Section 502(j)

Ms. Kline seeks reconsideration under 11 U.S.C. §502(j). Pursuant to §502(j), "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Bankruptcy Rule 3008 applies to requests for such reconsideration and provides that "[t]he court after a hearing on notice shall enter an appropriate order." *Fed.R.Bankr.P. 3008*. Rule 3008 contemplates only reconsideration before the bankruptcy case is closed or after the case is reopened pursuant to section 350(b).[6] The Chapter 11 Case was closed August 22, 2001. Ms. Kline has not sought to reopen the Chapter 11 Case, and may not seek relief under 11 U.S.C. §502(j) unless and until the Chapter 11 Case is reopened. However, even if the Chapter 11 Case were reopened, Ms, Kline would not be entitled to the relief under 11 U.S.C. §502(j) which she seeks.

The Bankruptcy Code does not specifically set forth what constitutes "cause according to the equities of the case" under 11 U.S.C. §502(j),[7] or what standard will apply to motions to reconsider claims under that provision. Bankruptcy Courts have substantial discretion in

---

[6] The Advisory Committee Note to Fed.R.Bankr.P.3008: (If a case is reopened as provided in 350(b) of the Code, reconsideration of the allowance or disallowance of a claim may be sought and granted in accordance with this rule.)
[7] *In re Torline*, 2007 WL 1137184, *2 (Bankr.D.Kan.2007)

5

deciding what constitutes "cause" for reconsideration of a claim pursuant to section 502(j).[8] Some courts have applied Bankruptcy Rules 9023 and 9024, which respectively, incorporate Fed.R.Civ.P. 59 and Fed.R.Civ.P. 60,[9] including a lower court in the Tenth Circuit.[10]

Even if Ms. Kline were permitted to reopen the Chapter 11 Case to seek relief under 11 U.S.C. §502(j), the Court would deny such relief, whether the Court were to apply the standards set forth in Fed.R.Civ.P. 59 and Fed.R.Civ.P. 60 or were to adopt a broader standard for determining cause under 11 U.S.C. §502(j). Under Bankruptcy Rule 9023, a motion under F.R.Civ.P. 59 must be brought within 14 days after entry of the judgment or order from which relief is sought. Under Fed.R.Civ.P. 60(c)(1), a motion under Rule 60(b) must be brought within a reasonable time, and if based on the grounds set forth in subsections (1), (2) or (3) must be brought within one year after entry of the order or judgment from which relief is sought.

Because Ms. Kline seeks reconsideration of the Order Denying Claim more than a year after its entry, under Fed.R.Civ.P. 60(c)(1) relief may be sought only on the grounds set forth in subsections (4), (5) and (6) of Fed.R.Civ.P. 60(b). Further, relief under subsection (6) may not be granted for the reasons set forth in (1), (2) or (3).[11] F.R.Civ.P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;

---

[8] *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987).
[9] *Torline*, at *2(Several courts have held that when the motion is filed within 10 days of the order allowing or denying the claim, the standard of Bankruptcy Rule 9023, which incorporates Federal Rule 59,FN6 will apply, but, as to motions filed outside the 10 days, the standards of Bankruptcy Rule 9024, which incorporates Federal Rule 60, will control.)
[10] *Id.*
[11] *Plotner v. AT&T Corp*, 224 F.3d 1161 (10th Cir. 2000)(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (holding that the "provisions [of Rule 60(b)] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)" (citations omitted)); *O'Dell v. Sun Refining & Mktg. Co.*, No. 99-5048, 2000 WL 339181, at *5 (10th Cir. March 31, 2000) ("Relief under 60(b)(6) is only appropriate when none of the first five clauses of the rule are applicable."(citations omitted)); *In re Jacobs*, 2008 WL 4369273, *4 (Bankr.D.Kan.2008)(the debtor may not seek relief under Rule 60(b)(6) when seeking relief under one of the other grounds enumerated in Rule 60(b));

6

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60.

Here, the Order Denying Objection from which Ms. Kline seeks relief was entered March 24, 1999, more than eleven years before Ms. Kline filed the complaint to reconsider seeking relief under 11 U.S.C. §502(j). The complaint alleges as grounds for the relief sought under 11 U.S.C. §502(j) that Ms. Kline did not actually owe taxes in the amount found by the Court, and she did not realize that as a consequence of the allowance of the claim the IRS would take the enforcement action to collect the claim that it has taken (Docket No. 1). The former reason is insufficient to grant relief under F. R. Civ. P. 60(b) because it simply asks the Court to reconsider its Order Denying Objection on the ground that the Court made the wrong decision. That argument was made to the Bankruptcy Court, District Court and Tenth Circuit, and rejected by each of those courts. The latter reason does not constitute a ground for relief F. R. Civ. P. 60(b), but suggests a motive for filing the complaint.[12]

Further, the Court finds that cause to grant relief under 11 U.S.C. §502(j) does not otherwise exist for additional reasons. Both the District Court and Tenth Circuit affirmed the Order Denying Objection that allowed the IRS claim. Ms. Kline waited over seven years after the Tenth Circuit's affirmance to commence this adversary proceeding seeking relief under 11

---

[12] Ms. Kline's proposed amended complaint further asserts that at least one of the tax returns the Court found had not been filed, but the IRS allegedly lost the return, and that the IRS allegedly assessed certain taxes in the wrong tax year. (Docket No. 22). These reasons likewise are insufficient to establish cause under 11 U.S.C. §502(j) because they could and should have been raised at the Bankruptcy Court's hearing on the IRS claim.

7

U.S.C. §502(j). In the Order Denying Objection, the Court found that Ms. Kline: (1) did not file tax returns for the tax years in question and (2) presented no evidence to refute the IRS's estimate of tax due for the years in question (Docket No. 205 in the Chapter 11 Case). The Court ruled that the order was without prejudice "to allow Debtor to object to the IRS' claim after filing tax returns for the years in question." *Id.* At the final hearing on the Motion to Dismiss held on April 8, 2010, the IRS confirmed that Ms. Kline is still entitled to file tax returns for the years in question and to object to the IRS' claim after filing tax returns. If Ms. Kline believes the estimated tax liabilities made by the IRS in its Substitute for Returns is inaccurate, she may still file tax returns for the years in question. Under the circumstances, the Court finds that cause does not exist to reconsider the Order Denying Objection under 11 U.S.C. §502(j).

Ms. Kline has not asserted sufficient cause to reconsider the Order Denying Objection under 11 U.S.C. §502(j). Therefore, this Court finds that the IRS's Motion to Dismiss should be granted.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P. An appropriate order will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: May 28, 2010
Copies to:

Karen Marie Kline
3255 Calle de Molina
Santa Fe, NM 87507

Manuel Lucero
Assistant US Attorney
PO Box 607
Albuquerque, NM 87103-0607
Attorney for Internal Revenue Service